[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Halit Uygur and Julie Uygur, alleged in their complaint that the defendant, S.E. Minor Co., Inc. (S.E. Minor), committed professional engineering malpractice by negligently performing services in the construction of the plaintiffs' new residence in Greenwich. Specifically, the plaintiffs alleged that the defendant was negligent in work it performed on the foundation and on the septic and drainage systems.
Pursuant to General Statutes § 52-102b,[1] the defendant S.E. Minor filed an amended apportionment complaint, naming five additional parties as apportionment defendants including Superior Walls of The Hudson Valley, Inc. (Superior Walls).[2] In the fifth count of the apportionment complaint, the defendant alleges that Superior Walls provided the defendant with defective materials for use in the construction and/or installation of the foundation of the plaintiffs' residence.
In the certified return of service attached to the apportionment complaint, the state marshal attests that, pursuant to General Statutes § 33-929, he sent a true and attested copy of the original writ, summons and amended apportionment complaint to Superior Walls at their out-of-state address in New York via certified mail on September 24, 2001. According to the record, Superior Walls received the apportionment complaint on October 2, 2001 and filed an appearance on June 15, 2002. On July 10, 2002, Superior Walls filed the present motion, #127, to dismiss.
Practice Book § 10-31 provides: "(a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselCT Page 15606International, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002).
In its motion to dismiss, Superior Walls contends that the court lacks subject matter jurisdiction over the apportionment complaint because it was not served within 120 days after the original return date of May 29, 2001, as mandated by General Statutes § 52-102b. In opposition, the defendant counters that the "savings statute," General Statutes §52-593a, applies and therefore service was properly made. Thus, the issue in this motion to dismiss is whether the court should grant the apportionment defendant's motion to dismiss the fifth count of the apportionment complaint directed against Superior Walls because process was not served within the 120-day limit on service of process imposed by General Statutes § 52-102b.
General Statutes § 52-102b (a) requires that any apportionment complaint "shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint." One hundred twenty days after May 29, 2001, the return date in the original complaint, is September 26, 2001.
As Superior Walls is a foreign corporation, the earliest date that service can be considered complete is determined by General Statutes § 33-929 (d), which governs service of process on out-of-state corporations. Section 33-929 (d) provides that out-of-state service on a foreign corporation is deemed to be effective "at the earliest of: (1) the date the foreign corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the foreign corporation; and (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed." In this case, the evidence provided to the court is only sufficient as to subsection (1) of § 33-929.[3]
Superior Walls submitted an affidavit in which Tamara Ackert, the Vice President and General Manager, attests that the corporation received service on October 2, 2001. This date falls outside of the 120 day limit of § 52-102b, which ended on September 26, 2001, 120 days from May 29, 2001. Therefore, it appears that the defendant failed to timely serve its apportionment complaint on this apportionment defendant.
The defendant concedes this point but relies instead on the saving statute, General Statutes § 52-593a (a). This statute provides in part CT Page 15607 that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." General Statutes § 52-593a.
"The majority of superior court judges have ruled that the § 52-102b
120-day time period is jurisdictional, mandatory and not subject to waiver." Tricon International Ltd. v. United Construction, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. CV 98 0153502 (November 28, 2000, McWeeny, J.) (28 Conn.L.Rptr. 724, 725). In addition, there is a split of authority in the Superior Court as to whether the savings provision of General Statutes § 52-593a is available to preserve an apportionment complaint that was untimely served under § 52-102b.
In the majority of decisions considering the issue, the court has determined that the savings provision applies. Generally, these decisions are based on the court's determination that the language of General Statutes § 52-593a indicates that it should apply to apportionment complaints. For example, as stated in one decision, "[s]ection 52-593a
explicitly states that a cause or right of action shall not be lost because of a failure to meet a time limit established by law if service is accomplished in accordance with its provisions. The only exception made to its statutory protections is for an administrative appeal governed by General Statutes § 4-183. Had the legislature intended to exclude apportionment complaints from the statute's protections, it could have easily done so." Young v. Shelton, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 00 0072239 (February 4, 2002, Alander, J.) (31 Conn.L.Rptr. 277, 279); see also Santangeli v.Rivera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 00 0374749 (June 13, 2001, Skolnick, J.
(29 Conn.L.Rptr. 656). Moreover, as also noted in several of these decisions: "[t]he savings provisions of General Statutes §52-593a should be liberally construed because of the statute's remedial purpose." (Internal quotation marks omitted.) Mayfield v. Colagiovanni, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 96 0390493 (May 6, 1999, Lager, J.) (24 Conn.L.Rptr. 448), but see Tricon International v. United Construction, Inc., 28 Conn.L.Rptr. 724 (General Statutes §52-102b is not subject to savings provision of § 52-593).
This court agrees with the reasoning of the majority in these decisions that General Statutes § 52-593a does apply to apportionment complaints duly delivered to a state marshal within the 120-day limit CT Page 15608 imposed by § 52-102b and served by the marshal within fifteen days thereafter. Here, the certificate of service attached to the apportionment complaint served on Superior Walls states that on September 24, 2001, the marshal "made due and legal service . . . upon the within named defendant, Superior Walls of the Hudson Valley, Inc., by depositing a true and attested copy of the original writ, summons and amended apportionment complaint, in the Post Office at Hartford, CT, postage paid and certified . . . return receipt requested" addressed to the secretary of Superior Walls in New York. The affidavit provided by Superior Walls evidences its receipt of this process on October 2, 2001. Thus, the record implies that the defendant delivered process to the marshal within the 120-day time period. The record is devoid, however, of specific evidence as to whether the marshal served process within fifteen days of the date he received it. Section 52-593a "becomes operative only where the process has been delivered before the running of the statute of limitations . . . the serving officer . . . attest[ed] to the date of delivery . . . and the process is served within fifteen days of the date of delivery." (Internal quotation marks omitted.) Gillette v. KnausDevelopment Co., LLC, Superior Court, judicial district of Waterbury, Docket No. CV 99 0155985 (September 28, 2000, Wiese, J.) (28 Conn.L.Rptr. 277, 279).
This omission may be cured, however, by the defendant S.E. Minor filing an amended affidavit from the marshal attesting that he did in fact receive the writ and summons within the time limitation of General Statutes § 52-102b if that is the case. See also Martidis v. LombardRealty, Superior Court, judicial district of Waterbury at Waterbury, Docket No. CV 970142373 (July 30, 1998, Pellegrino, J.) (22 Conn.L.Rptr. 448).
Based on the foregoing, Superior Walls' motion to dismiss the apportionment complaint filed against it by the defendant S.E. Minor is denied on the condition that the defendant, within twenty days of receiving notice of this decision, files with the court a supplemental or amended marshal's return containing the required endorsement as to the date process was delivered to him.
So Ordered.
Dated at Stamford, Connecticut, this day of December 4th, 2002.
William B. Lewis, Judge T.R.